# EXHIBIT "A"

STATE OF SOUTH CAROLINA

COUNTY OF DARLINGTON

Bobby Lee Tucker, Sr.,
          Plaintiff

vs.

Peerless Insurance Company,
          Defendant

IN THE COURT OF COMMON PLEAS
# 13CP160447
CIVIL ACTION COVERSHEET

2013-CP-16-____

(Please Print)
Submitted By: William P. Hatfield, Esquire
Address: Post Office Box 1770, Florence, SC 29503-1770

| | |
|---|---|
| SC Bar #: | 2840 |
| Telephone #: | (843) 662-5000 |
| Fax #: | (843) 678-9273 |
| Other: | |
| E-mail: | wphatfield@hymanlawfirm.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

**Contracts**
☐ Constructions (100)
☐ Debt Collection (110)
☐ Employment (120)
☐ General (130)
■ Breach of Contract (140)
☐ Other (199)

**Torts - Professional Malpractice**
☐ Dental Malpractice (200)
☐ Legal Malpractice (210)
☐ Medical Malpractice (220)
Previous Notice of Intent Case #
20____-CP-____-_____
☐ Notice/ File Med Mal (230)
☐ Other (299)

**Torts – Personal Injury**
☐ Assault/Slander/Libel (300)
☐ Conversion (310)
☐ Motor Vehicle Accident (320)
☐ Premises Liability (330)
☐ Products Liability (340)
☐ Personal Injury (350)
☐ Wrongful Death (360)
☐ Other (399)

**Real Property**
☐ Claim & Delivery (400)
☐ Condemnation (410)
☐ Foreclosure (420)
☐ Mechanic's Lien (430)
☐ Partition (440)
☐ Possession (450)
☐ Building Code Violation (460)
☐ Other (499)

**Inmate Petitions**
☐ PCR (500)
☐ Mandamus (520)
☐ Habeas Corpus (530)
☐ Other (599)

**Judgments/Settlements**
☐ Death Settlement (700)
☐ Foreign Judgment (710)
☐ Magistrate's Judgment (720)
☐ Minor Settlement (730)
☐ Transcript Judgment (740)
☐ Lis Pendens (750)
☐ Transfer of Structured Settlement Payment Rights Application (760)
☐ Other (799)

**Administrative Law/Relief**
☐ Reinstate Driver's License (800)
☐ Judicial Review (810)
☐ Relief (820)
☐ Permanent Injunction (830)
☐ Forfeiture-Petition (840)
☐ Forfeiture—Consent Order (850)
☐ Other (899)

**Appeals**
☐ Arbitration (900)
☐ Magistrate-Civil (910)
☐ Magistrate-Criminal (920)
☐ Municipal (930)
☐ Probate Court (940)
☐ SCDOT (950)
☐ Worker's Comp (960)
☐ Zoning Board (970)
☐ Public Service Commission (990)
☐ Employment Security Comm (991)

**Special/Complex /Other**
☐ Environmental (600)
☐ Automobile Arb. (610)
☐ Medical (620)
☐ Other (699)
☐ Pharmaceuticals (630)
☐ Unfair Trade Practices (640)
☐ Out-of State Depositions (650)
☐ Motion to Quash Subpoena in an Out-of-County Action (660)
☐ Sexual Predator (510)

☐ Other (999)

Submitting Party Signature: _[signature]_    Date: May 23, 2013

TRUE CERTIFIED COPY

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

CLERK OF COURT/RMC
DARLINGTON COUNTY, S.C.

SCCA / 234 (01/2010)          Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lexington, Pickens (Family Court Only), Richland, Union and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

SCCA / 234 (01/2010)                                                     Page 2 of 2

STATE OF SOUTH CAROLINA

COUNTY OF DARLINGTON

Bobby Lee Tucker, Sr.,

                Plaintiff,

Vs.

Peerless Insurance Company,

                Defendant.

IN THE COURT OF COMMON PLEAS
FOURTH JUDICIAL CIRCUIT
C/A #2013-CP-16-
**13CP160447**

SUMMONS FOR RELIEF

(Complaint)

(Jury Trial Requested)

FILED 2013 MAY 28 PM 12:51
SCOTT B. SUGGS
CLERK OF COURT/R.O.D.
DARLINGTON COUNTY, S.C.

**TO THE DEFENDANT ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at 170 Courthouse Square, Post Office Box 1770, Florence, South Carolina, 29503-1770 within thirty (30) days from the service hereof, exclusive of the date of such service, and in case of the failure to do so, judgment by default will be rendered against you for the relief demanded in the Complaint.

Florence, South Carolina

May 23, 2013

WILLIAM P. HATFIELD,
Attorney for Plaintiff
SC Bar No. 2840
**THE HYMAN LAW FIRM, LLP**
170 Courthouse Square
Post Office Box 1770
Florence, SC 29503-1770
(843) 662-5000
wphatfield@hymanlawfirm.com

TRUE CERTIFIED COPY
Scott B. Suggs
CLERK OF COURT/RMC
DARLINGTON COUNTY, S.C.

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS<br>FOURTH JUDICIAL CIRCUIT<br>C/A # 2013-CP-16-____ |
| COUNTY OF DARLINGTON | **13CP160447** |
| Bobby Lee Tucker, Sr., | COMPLAINT |
| Plaintiff, | (For Breach of Implied Covenant of<br>Good Faith and Fair Dealing and<br>Breach of Contract) |
| Vs. | |
| Peerless Insurance Company, | (Jury Trial Requested) |
| Defendant. | |

The Plaintiff, complaining of the Defendant herein, alleges:

1. That the Plaintiff is a citizen and resident of the County of Darlington, State of South Carolina.

2. That the Defendant, Peerless Insurance Company, is a property and casualty insurer with its principal place of business in Illinois, and is qualified to sell property and casualty insurance within the State of South Carolina.

3. That on or about April 30, 2010, the Plaintiff while operating a 2001 Freightliner tractor, belonging to Tucker Enterprises, Inc., struck a bearing block which had fallen from an unknown Defendant's tractor and trailer landing in the outside lane of Interstate 95, just north of the overpass at Exit 153; that the Plaintiff when confronted with this sudden emergency, attempted evasive maneuvers but his tractor struck the metal object causing him to lose control and strike the overpass resulting in injuries and damages of a serious and permanent nature.

TRUE CERTIFIED COPY,
*Scott B. Suggs*
CLERK OF COURT/RMC
DARLINGTON COUNTY, S.C.

4. That the collision between the Plaintiff's tractor and the object which fell from the unknown party's tractor and trailer was witnessed by a third party, Anthony Bernardo, who subsequently signed an Affidavit attesting to the truth and facts of the accident; additionally, an immediate report of the accident was made to the South Carolina Highway Patrol which conducted an investigation as soon thereafter as was practicable.

5. On May 14, 2010, the Plaintiff filed an action against John Doe, individually, and d/b/a Doe Trucking Company, in the Court of Common Pleas for the Fourth Judicial Circuit in the County of Darlington, South Carolina seeking compensatory and punitive damages arising out of the aforementioned accident.

6. That the 2001 Freightliner under an automobile policy of insurance issued by Canal Insurance Company bearing policy # PIA05286801 which provided, among other things, uninsured motorist coverage in the amount of One Hundred Thousand ($100,000) Dollars for bodily injuries sustained in the above occurrence.

7. That at the time same the Plaintiff was personally insured under an automobile policy of insurance issued by Peerless Insurance Company bearing policy # 33P W518056 which provided, among other things, uninsured motorist coverage in the amount of One Hundred Thousand ($100,000) for bodily injuries sustained in the above occurrence.

8. That upon filing suit and serving the Summons and Complaint upon Canal Insurance Company and Peerless Insurance Company, each insurer undertook to defend the Plaintiff's underlying claim.

9. The parties exchanged written discovery, undertook deposition discovery, and on or about January 14, 2011, Peerless Insurance Company, through its attorney, filed its Motion for Summary Judgment alleging that the Plaintiff failed to meet the requirements of **S.C. Code Ann. § 33-77-170 (1976 as amended).** Thereafter, on or about January 31, 2011, Canal Insurance Company, through its attorney, filed its Notice of Motion and Motion for Summary Judgment also contending that the Plaintiff failed to comply with the requirements for bringing a "John Doe" action against an uninsured motorist carrier as set forth in **S.C. Code Ann. § 38-77-170.** After hearing arguments of counsel, the trial judge by Order dated June 15, 2011, denied each insurer's Motion for Summary Judgment.

10. Thereafter, Peerless Insurance Company, through its attorney, filed its Motion dated June 27, 2011 requesting the court to reconsider its Motion for Summary Judgment.

11. On June 29, 2011, Canal Insurance Company, through its attorney, also filed its Notice of Motion and Motion to Reconsider the court's denial of its Motion for Summary Judgment. By Order dated August 30, 2011, the court denied Peerless Insurance Company's Motion for Summary Judgment.

3

12. By email dated June 20, 2011, Mr. Tucker, through his attorney, made a written demand to both insurers to tender uninsured motorist limits of One Hundred Thousand ($100,000) Dollars in exchange for a loss or subrogation receipt. The demand provided a deadline of July 1, 2011 after which the offer to settle would be withdrawn.

13. Thereafter, on June 27, 2011, Mr. Tucker, through his attorney, emailed a letter to counsel for each insurer confirming the previous time demand sent to each on Monday, June 20, 2011, again demanding a tender of the policy limits under each applicable policy on or before Friday, July 1, 2011, at the close of business.

14. Thereafter, Canal Insurance Company made a compromised offer of Fifty Thousand ($50,000) Dollars before the close of business on July 1, 2011 which was rejected by the Plaintiff and communicated to Canal Insurance Company's attorney and Peerless Insurance Company's attorney by letter dated July 6, 2011. Thereafter, Canal Insurance Company tendered the uninsured motorist limits of One Hundred Thousand ($100,000) Dollars by letter dated August 29, 2011 which was accepted by the Plaintiff resulting in the execution of a Release and Order of Dismissal as to Canal Insurance Company.

15. Subsequently, the remaining parties completed discovery and the case was tried to a jury verdict on April 15, 2013, at which time a Darlington County

jury returned a verdict of Two Million Five Hundred Thousand ($2,500,000) Dollars in actual damages and Two Million Five Hundred Thousand ($2,500,000) Dollars in punitive damages.

16. At no time prior to the filing of this action has Peerless Insurance Company tendered the uninsured motorist limits available to the Plaintiff under the aforementioned policy.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

17. That the Plaintiff re-alleges each and every material allegation as set forth above.

18. That the Defendant, Peerless Insurance Company, has wrongfully and in breach of its implied duty of good faith and fair dealing with its insured, acted wrongfully and unreasonably, contending that the Plaintiff failed to comply with the requirements of **S.C. Code Ann. § 38-77-170** relating to his uninsured motorist claim for benefits.

19. That as a direct and proximate result of the conduct of the Defendant, Peerless Insurance Company, the Plaintiff has suffered substantial compensable losses related to medical expenses which he has incurred for the treatment of the catastrophic injuries he suffered, the Plaintiff has also suffered physical and emotional distress and discomfort and incurred expenses of an attorney and the prosecution of this action, all to his detriment and damage.

5

20. That the Plaintiff is informed and believes that he is entitled to an award of actual damages in the amount determined by a jury and, further, that he is entitled to an award of punitive damages.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

21. That the Plaintiff re-alleges each and every material allegation set forth in the First Cause of Action above.

22. That at all times hereinafter mentioned, the Plaintiff was a named insured under the aforementioned policy of insurance with Peerless Insurance Company.

23. That the Plaintiff is further informed and believes that he suffered a compensable loss under the uninsured motorist coverage provisions of the aforementioned policy and has satisfied all conditions in said policy with regard to an uninsured motorist claim.

24. That the Plaintiff is informed and believes that he is entitled to coverage under the aforementioned policy and that all prior policies with uninsured motorist coverage on the vehicle he was occupying have been exhausted.

25. That the Plaintiff has submitted his claim for uninsured motorist coverage to the Defendant but at no time following his demand did this Defendant offer to pay the uninsured motorist coverage to the Plaintiff to which he was entitled to under the uninsured motorist coverage provisions which are part of the subject policy.

6

26. That the Plaintiff is informed and believes that this Defendant has breached its contract of insurance and that he is entitled to actual damages in the amount of One Hundred Thousand ($100,000) Dollars.

27. That this Plaintiff has incurred expenses of an attorney for prosecuting this action and is informed and believes he is entitled to an award of reasonable attorney's fees.

**WHEREFORE**, Plaintiff prays judgment against the Defendant for a sum of actual damages, punitive damages, prejudgment interest, attorney's fees, the costs of this action, and for such other and further relief as this court may deem just and proper.

Florence, South Carolina

May 23, 2013

WILLIAM P. HATFIELD,
Attorney for Plaintiff
SC Bar No. 2840
**THE HYMAN LAW FIRM, LLP**
170 Courthouse Square
Post Office Box 1770
Florence, SC 29503-1770
(843) 662-5000
wphatfield@hymanlawfirm.com

TRUE CERTIFIED COPY,
Scott B. Suggs
CLERK OF COURT/RMC
DARLINGTON COUNTY, S.C.

2013 MAY 28 PM 12:51
SCOTT B. SUGGS
CLERK OF COURT/R.O.D.
DARLINGTON COUNTY, S.C.
FILED