IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BOBBY LEE TUCKER, SR., | ) | CASE NO.: 4:13-cv-1809-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| PEERLESS INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

TO:   WILLIAM P. HATFIELD, ESQUIRE, ATTORNEY FOR PLAINTIFF:

The Defendant, Peerless Insurance Company ("Peerless"), submits this motion and memorandum of law in support seeking to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Summary of Argument**

South Carolina law has not expressly authorized a bad faith lawsuit against an Underinsured Motorist Insurer ("UM") by its insured.  Even *assuming* the South Carolina Supreme Court would embrace such a claim, in this instance the claims presented must be dismissed there are no *facts* alleged which would support such a claim for any damages beyond the amount of the $100,000 contractual limits of coverage.

**I.  PROCEDURAL HISTORY**

On May 28, 2013, the Plaintiff filed a civil action against Peerless in the Circuit Court of Darlington County, South Carolina, as Case No. 2013-CP-16-447 ("the underlying case").  Peerless was thereafter served on June 3, 2013. [Doc. 1].  The case was removed to this Court pursuant to 18 U.S.C. § 1332.  Peerless filed a motion to dismiss, or in the alternative, motion to stay. [Doc. 4].

-1-

This case was stayed pending the outcome of the appeal of the underlying case. [Doc. 7]. The underlying case became final following the denial of certiorari by the South Carolina Supreme Court and the stay was lifted. [Doc. 19]. This amended motion to dismiss is presented.

Plaintiff has alleged two causes of action against Peerless, to wit:   1) breach of implied covenant of good faith/fair dealing; and 2) breach of contract arising out of an Uninsured Motorist ("UM") claim involving a John Doe defendant. Compl. at ¶¶ 17-27. Factually, Plaintiff contends that Peerless failed to pay UM benefits to the Plaintiff in advance of the trial of the underlying matter constituting a breach of contract. Plaintiff equally contends that such failure to pay constitutes a breach of the covenant of good faith and fair dealing. Id. It is unclear, however, whether Plaintiff contends his damages are limited to the recovery of the contractual amount due $100,000.00[1] or whether Plaintiff is seeking to advance a recovery of the entire verdict rendered at the trial court.

## II. MATERIAL FACTS

The facts, as alleged, by Plaintiff are limited and simple and in some respects uncontested. The Plaintiff purchased a personal auto policy from Peerless bearing number 33PW518056, which, subject to its terms, conditions, limitation and exclusions, provided UM coverage. The UM coverage limit is $100,000. The policy was in force and effect on April 30, 2010, when Plaintiff was involved in a single car accident on Interstate 95. Plaintiff's policy was an excess policy, because the vehicle being operated by Plaintiff was owned by his employer and insured by Canal Insurance Company ("Canal").

As a result of the aforementioned accident, Plaintiff brought suit against a John Doe

---

[1] Upon information and belief those funds are going to be tendered in the near term.

individual and company alleging that he struck a bearing block in the roadway which fell from an unknown vehicle. Compl at ¶¶ 3-7. The parties to the underlying lawsuit – Plaintiff, Canal, and Peerless – engaged in discovery and otherwise prosecuted and defended the case. The case was tried to a verdict in April 2013. The result of the trial was a verdict in excess of the policy limits, i.e. $5 million ($2.5 in actual damages and $2.5 million in punitive damages). The punitive award/verdict was remitted to $500,000 and the total verdict entered for $3 million.[2]

The Plaintiff's complaint, alleges that Peerless has not paid the $100,000 limits due under the insurance contract, and that it breached the implied covenant of good faith and fair dealing. However, there are no "facts" plead by Plaintiff as to what he believes constituted the breach of the implied covenant. Rather, it appears the inference from the Complaint is that Plaintiff is critical of Peerless failing to make an offer of compromise to him in advance of trial in the underlying action. Compl. ¶ 16-19. There are no allegations by the Plaintiff *factually* of what are the alleged wrongful acts of Peerless. As will be explained below, this lawsuit must be dismissed on such facts.

### III. ANALYSIS

#### 1. THE 12(B)(6) STANDARD

The Court should view the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts as true. Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Importantly, it is not enough merely to plead conclusory statements of injury and standing. Instead, the pleading burden set forth by the United States Supreme Court requires that Plaintiff plead

---

[2] December 18, 2013 Order. The Court is permitted to take judicial notice of the filings contained in that matter. Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice is in noticing the content of court records."). (Exhibit "A").

"enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Fourth Circuit reinforced what it means to satisfy this standard by quoting Twombly: "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)(quoting Twombly, 550 U.S. at 555).

### 2. LAW & ARGUMENT.[3]

**A). SOUTH CAROLINA LAW HAS NOT EXPRESSLY AUTHORIZED A BAD FAITH ACTION AGAINST AN UNINSURED MOTORIST INSURER BY ITS INSURED; AND HAS NEVER SET FORTH MEASURE/BASIS FOR DAMAGES CALCULATION.**

At base, this is an alleged breach of contract/bad faith action against an insurer. All the

---

[3] This case was removed to this Court based upon diversity jurisdiction, 28 U.S.C. § 1332; thus, the district court must apply the substantive law of the forum state to resolve state law claims. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 498 (1941); Erie Railroad v. Thompkins, 304 U.S. 64 (1938); Brown v. American Broadcasting Co., 704 F.2d 1296, 1299 (4th Cir. 1983). In the context of insurance disputes in South Carolina, this Court must look to S.C. Code Ann. § 38-61-10 (Supp. 2003), to determine which state's substantive law controls. S.C. Code Ann. § 38-61-10 provides that:

> All contracts of insurance on property, lives, or interests in this State are considered to be made in the State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State.

In applying § 38-61-10, the Court is bound by the plain meaning of the statute's language. Hillman v. I.R.S., 263 F.3d 338, 342 (4th Cir. 2001)("unless there is some ambiguity in the language of the statute, a court's analysis must end with the statute's plain language . . . ."). Here, according to the declarations page, the policy was formed and delivered in the state of South Carolina. Accordingly, South Carolina law applies to this dispute.

'facts' that are pled involve the Plaintiff's dissatisfaction with the fact that the UM benefits have not been paid to him by Peerless following a verdict against a "John Doe" Defendant. One inference to be gleaned from the Complaint is that Peerless failed to tender the UM limits in advance of trial. On the other hand, it is not entirely clear from a review of the Complaint as to whether Plaintiff is merely arguing that Peerless has not paid the limits of insurance following the verdict, despite the John Doe lawsuit just recently becoming "final". Either way, no South Carolina state court opinion has expressly adopted such a claim.[4] In reality, UM/UIM coverage is not akin to first party insurance, rather it is more akin to third party insurance because from the outset of the lawsuit/claim, the parties are adverse.[5]

That said, one federal court has predicted that the Supreme Court of South Carolina would adopt such a cause of action. See Jefferson v. Allstate Ins. Co., 673 F. Supp. 1401 (D.S.C. 1987)(Anderson, J.). In Jefferson, Judge G. Ross Anderson predicted that the Supreme Court of South Carolina would draw no distinction between traditional "first party insurance" as described in Nichols v. State Farm, 306 S.E.2d 616 (S.C. 1983) and UM insurance. Instead, Judge Anderson

---

[4] "To recover for a breach of contract, a plaintiff must prove the existence of a contract, the breach of the contract, and damages caused by the breach." Diversified Colors Inc. v. Cranston Print Works, Co., 2011 WL 3489830 (D.S.C. 2011) (citing Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75, 124 S.E.2d 602, 610 (1962). "The elements of a bad faith refusal to pay action are: (1) the existence of a contract of insurance between the parties; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action; and (4) causing damage to the insured." Snyder v. State Farm Mut. Auto. Ins. Co., 586 F. Supp.2d 453, 457 (D.S.C. 2008)(citing Howard v. State Farm Mut. Auto. Ins. Co., 316 S.C. 445, 451, 450 S.E.2d 582, 586 (1994)).

[5] South Carolina law rejects a third party's ability to bring a bad faith action against an insurer. Kleckley v. Northwestern Nat. Cas. Co., 526 S.E.2d 218 (S.C. 2000). Furthermore, no court has held that the an insured is entitled to recover the face amount of an excess verdict in the context of UM/UIM coverage pursuant to Tyger River Pine Co. v. Maryland Cas. Co., 170 S.E. 346 (S.C. 1934), and its progeny.

held that Nichols did not expressly suggest that it would disallow a bad faith cause of action dealing with UM coverage, thus, he believed allowing the same was proper. Jefferson, 673 F. Supp. at 1403. Judge Anderson relied upon law from outside of South Carolina in reaching his conclusion. As Jefferson is not binding on this Court, the Defendant respectfully submits it is incorrectly decided. Jefferson, primarily relies upon a 7th Circuit case, applying Indiana law. Craft v. Economy Fire & Casualty Co., 572 F.2d 565 (7th Cir. 1978). Craft has since been distinguished, but even Craft embraces the notion that there exists an adversarial position between insurer and insured in a UM case and, thus, a breach of fiduciary duty claim cannot lie. Craft, 572 F.2d at 569; see also, Continental Cas. Co. v. Novy, 437 N.E.2d 1338, 1356 (Ind. Ct. App. 1982)(failure to investigate by an uninsured carrier which would have lead to the discovery that an untenable liability claim was improper did not equate to not bad faith). In essence, to the extent that the Plaintiff argues that Peerless failed to investigate the subject claim and if exercised the investigation would have revealed that the claim should be paid – this argument was rejected by Craft and Novy.[6] Regardless, the holdings of the cases cited within Craft demonstrate the unique character of UM coverage and limitations of theories of recovery.

Furthermore, since Jefferson, the South Carolina Supreme Court has refused to recognize a claim for bad faith in the context of underinsured motorist coverage ("UIM"). Williams v. Selective Ins. Co. of the Southeast, 446 S.E.2d 402 (S.C. 1994). In Williams, the Supreme Court of South Carolina dismissed a lawsuit against the UIM carrier when the Plaintiff failed to bring an action against the at fault driver. The court specifically found that the UIM carrier has the option

---

[6] Having to "anticipate" what Plaintiff's true theory of "bad faith" highlights the arguments that the Complaint is deficient under Twombly as set forth in § C, *infra*.

-6-

to "assume control of the defense of the action" and the claimant's "failure to pursue an action against the at-fault driver resulted in a total waiver of Insurer's right to defend." Id. at 404. The code section specifically contemplates and *requires* the existence of and the service of pleadings "establishing liability" of the at fault driver. S.C. CODE ANN. § 38-77-170, states "there is no right of action or recovery under the uninsured motorist provision, unless:" (1) the insured reports the accident to law enforcement; (2) "the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident . . . ." "Recovery under the under the uninsured endorsement is subject to the condition that insured establish legal liability on the part of the uninsured motorist." Lawson v. Porter, 180 S.E.2d 643, 644 (S.C. 1971).

In addition to the Williams court, other courts within the Fourth Circuit Court of Appeals and District of South Carolina have embraced this analysis. See, Potylicki v. Allstate Ins. Co., 386 Fed. Appx. 435 (4th Cir. 2010)(unpublished); Halmon v. American Int'l Group, Inc., 586 F. Supp.2d 401 (D.S.C. 2007)(J. Duffy); Snyder v. State Farm Mut. Auto. Ins. Co., 586 F. Supp.2d 453 (D.S.C. 2008) (J. Duffy); Hartsock v. American Auto. Ins. Co., 788 F. Supp.2d 447 (D.S.C. 2011)(J. Duffy); Crowe v. Vaughn, 2008 WL 5114956 (D.S.C. 2008)(J. Herlong); Wilkins v. State Farm Mut. Ins. Co., 2008 WL 2690240 (D.S.C. 2008) (J. Currie); but see, *contra*, Meyers v. State Farm. Mut. Auto. Ins. Co., 950 F. Supp. 148 (D.S.C. 1997) (J. Blatt).

Judge Herlong, when granting a 12(b)(6) motion, held that a bad faith action against the insurer is premature until the underlying tort action is "resolved by settlement or final judgment". Crowe, 2008 WL 5114956 at *1 (citing Lawson, 180 S.E.2d at 644). Judge Herlong further noted

-7-

that until there is a judgment against the tortfeasor, there can be no contract claim because no benefits are due and payable. Id.; *see also*, Howard, 316 S.C. 445, 451, 450 S.E.2d 582, 586 (1994) (noting elements of bad faith include a refusal to pay benefits due under the contract of insurance).

Judge Currie granted summary judgment to a UIM carrier holding that claims for breach of contract and bad faith were premature where no judgment has been obtained against the at fault driver. Wilkins, 2008 WL 2690240 at *5-10. Judge Currie "assumes without deciding" that the duty of good faith and fair dealing arises "at least upon an insurer's receipt of notice of an insured's claim under a uninsured motorist policy." Id. at 6.[7] In Wilkins, Judge Currie also noted the fact that UM and UIM policies have "some characteristics that suggest they should be treated as first party insurance, and other characteristics that suggest they should, at least during certain stages of the claims process or litigation, be treated as third party insurance. These characteristics must be considered in deciding the scope of the duty owed by the UM/UIM insurer to its insured." Id. at 7. Judge Currie recognizes that the unique position that "an insurer holds with respect to UM and UIM coverage." Id. Essentially, from the outset of the claim/case the insured and insurer are at odds with each other and, are, in fact, adversaries. This adversarial nature makes the insurance different from first party insurance. Id. It has been held that 1) if there is a reasonable ground for contesting a claim, there is no bad faith; 2) if there is a reasonable ground for failing to offer less than the amount demanded on a claim there is no bad faith; 3) the duty of good faith does not necessarily mean a duty to make a settlement offer; and 4) the law does not require every UIM claimant to receive a settlement as the same would breed frivolous claims. See, Collins v. Auto-Owners Ins. Co., 759 F.

---

[7] Note the Fourth Circuit has cautioned the district court on "assuming without deciding", holding the same cannot constitute a "final decision". Auto-Owners Ins. Co. v. Madison at Park West Property Owners Association, Inc., 495 Fed. Appx. 383 (4th Cir. 2012).

Supp.2d 728, 740 (D.S.C. 2010); Snyder, 586 F. Supp.2d at 458-59.  To the extent Plaintiff is arguing that the mere fact he had to proceed with a trial to establish liability against John Doe constitute bad faith – the law does not embrace such an argument.  Snyder, 586 F. Supp.2d at 458.

In Snyder, Judge Duffy granted summary judgment to the UIM carrier sued for bad faith stating, in relevant part:  "a duty to deal in good faith does not necessarily entail a duty to make a settlement offer."  Snyder, 586 F. Supp.2d at 458.  While Judge Duffy does not believe that there must be a judgment rendered against the at fault driver in order to make a claim, it is clear based on his holding in Hartsock, that the timing of lawsuit against the at fault driver is of critical importance and there is no requirement to offer to resolve a UIM lawsuit.  Thus, as will be explained, *infra* § C, a significant factual question is presented – which is not plead – as to what are the factual claims that Plaintiff asserts that constitute the "unreasonable actions" of Peerless.

Ultimately, the Fourth Circuit and majority of district judges interpreting facts such as those before the Court hold dismissal is appropriate.  All the aforementioned authority require some triggering mechanism to implicate the UIM coverage.  So, too, should the logic extend to UM claims.  The Court should hold that the Plaintiff may not maintain an action against Peerless based upon what has been pled in this complaint.

      **B).**  **THE PLAINTIFF IS RESTRICTED TO THE DAMAGES OF $100,000.00.**

"To recover for a breach of contract, a plaintiff must prove the existence of a contract, the breach of the contract, and damages caused by the breach."  Diversified Colors Inc. v. Cranston Print Works, Co., 2011 WL 3489830 (D.S.C. 2011) (citing Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75, 124 S.E.2d 602, 610 (1962).  Insurance policies are subject to the general rules of contract construction.  B.L.G. Enterprises, Inc. v. First Financial Ins. Co., 334 S.C. 529, 514 S.E.2d 327

(1999). A court must give policy language its plain, ordinary, and popular meaning. Id. When a contract is unambiguous, clear, and explicit, it must be construed according to the terms the parties have used. Id. In this case, the complaint alleges $100,000 in UM coverage. [Doc. 1-1 at ¶¶ 7; 26]. There is no basis in law for Plaintiff to recover more than the contractual limits of coverage *he chose to purchase* from Peerless.

In Quick v. Markel Ins. Co., the Quicks (insureds) filed a lawsuit against Markel (insurer) and the Quick's insurance agent for breach of contract, negligent misrepresentation, and waiver and estoppel. Quick, 2008 WL 9846506 (S.C. Ct. App. 2008). In Quick, it was undisputed that the insured was entitled to $7,500.00 for her injuries under the terms of the policy. Id. at *4. Furthermore, it was undisputed that Markel paid the Quicks $7,500.00 for the full amount to which she was entitled under the terms of the policy. Id. The Quick Court reviewed the insurance policy as written and found no breach of contract. Id. The decision in Quick is consistent with other jurisdictions.

In Alabama, courts have held that an insurer "cannot be obligated to pay more than the policy requires it to pay". Stewart v. Allstate Indem. Co., 2014 WL 1338878 *7 (N.D. Ala. 2014) (citing Farr v. Gulf Agency, 74 So.3d 393 (Ala. 2011) (finding no breach of contract where insurer paid policy limits in absence of any evidence that policy limits had been increased)). In Texas, courts have held that "an insurer is entitled to summary judgment on a breach of contract claim when it presents evidence that if fulfilled its obligations under the policy by paying the insured up to the state policy liability limits." S.R. Residence, LLC v. Lexington Ins. Co., 2013 WL 1204709 *2 (S.D.Tex 2013) (citing Vest v. Gulf Ins. Co., 809 S.W.2d 531, 534 (Tex.App. 1991) (upholding summary judgment for insurer on breach of contract claim where insurer had paid out policy limits)).

In California, courts have held that "there can be no breach of contract where an insurer pays an arbitration award or the applicable policy limit". Holenda v. Infinity Select Ins. Co., 2014 WL 559381 *3 (C.D.Cal. 2014) (citing Paulson v. State Farm Mut. Auto. Ins. Co., 867 F.Supp. 911, 917-18 (C.D.Cal. 1994)); see also Morello v. AMCO Ins. Co., 2014 WL 2215754 (N.D.Cal. 2014) (insurer's refusal to pay until it was ordered to do so by the arbitrator does not constitute a breach of the insurance contact). In Pennsylvania, courts have held that "when an insurance company has paid the proceeds of an insurance policy, there can be no breach of contract claim because the insured has received what she was due under the policy and therefore has no damages." Smith v. Allstate Ins. Co., 904 F.Supp.2d 515, 521 (W.D.Pa. 2012); see also Stanford v. National Grange Ins. Co., 64 F.Supp.3d 649, 658 (E.D.Pa. 2014) ("An action for breach of an insurance contract does not lie when the policy proceeds have been paid because in such cases, an insured cannot establish damages under the contract.") (citing Oehlmann v. Metro. Life Ins. Co., 644 F.Supp.2d 521, 533 (M.D.Pa. 2007)); Amita v. Nationwide Mut. Ins. Co., 2009 WL 111578 *3 (M.D.Pa. 2009) ("This rule exists presumably because there are no damages if the full benefits have been paid under the contract - plaintiffs have received everything they were due under the contract.").

The Plaintiff's Complaint fails to identify any terms or conditions within the Policy that were breached by Peerless, other than the notion that the $100,000 was not paid prior to the verdict in the trial court. This argument ignores the fact that no benefits were due until there was a final adjudication of the coverage in the underlying case on October 20, 2016. [Doc. 19]. In Collins v. Auto-Owners Ins. Co., this Court recognized that South Carolina law provides "[r]ecovery under the uninsured endorsement is subject to the condition that the insured establish legal liability on the part of the uninsured motorist." Collins, 759 F. Supp.2d 728, 738 (D.S.C. 2010)(Wooten, J.)(citing

Lawson v. Porter, 180 S.E.2d 643 (1971)); Laird v. Nationwide Ins. Co., 134 S.E.2d 206 (S.C. 1964). In this case, legal liability was not established until the denial of certiorari on October 20, 2016. Since then Peerless is, upon information and belief, in the process of issuing payment for the limits of coverage.

        **C).** **PLAINTIFF'S COMPLAINT IS DEFECTIVE AS IT FAILS TO SET FORTH "FACTS" RELATED TO ANY CLAIM OF THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

Peerless also believes that the claim of breach of implied covenant of good faith and fair dealing is insufficiently pled (factually) and, as a result, fails as a matter of law, under Twombley and its progeny. Conclusory allegations and arguments which defy "judicial experience and common sense" will not survive judicial scrutiny. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009). Here, even if the instant lawsuit were appropriate – which it is not – the Plaintiff must be required to plead what facts support the claim. What are the thing(s) that the Plaintiff contends that Peerless did that were unreasonable? As noted above, it cannot be simply the failure not to make Plaintiff an offer before trial. Likewise, it cannot be simply the fact that Peerless chose to litigate that what it believed to be a valid legal defense. See Nelson v. United Fire Ins. Co. of New York, 267 S.E.2d 604, 607 (S.C. 1980)(An insurance company should not be in fear of a bad faith claim for litigating novel legal issues); Mid-South Ins. Co. V. Doe, 274 F.Supp.2d 757, 765 (D.S.C. 2003). Finally, the damages claimed cannot be the amount of the verdict under Tyger River as the same has never been accepted as a measure of damages in a case like this.

Here, the Plaintiff alleges the boilerplate claims for a "bad faith" cause of action, but beyond the procedural history of the underlying lawsuit, he pleads no facts as to what he contends were the

wrongful "acts" of the Defendant. Plaintiff simply infers in his Complaint that *because* he was required to try the case *and* because he received a verdict in excess of the policy that there must be bad faith. Plaintiff should be required to set forth the "facts" he believes supports the claim. If it is merely the fact that he tried the case, no such claim can exist. Snyder, 586 F. Supp.2d at 458.

## IV.  CONCLUSION

For all of the aforementioned reasons, the Defendants pray this Honorable Court dismiss the Plaintiff's complaint.

This __16th__ day of November, 2016.

Respectfully submitted,

WALL, TEMPLETON & HALDRUP, P.A.


 s/ Morgan S. Templeton
Morgan S. Templeton (Fed ID# 7187)
145 King Street, Suite 300
Post Office Box 1200
Charleston, South Carolina  29402
(843) 329-9500
Attorneys for the Defendant